IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:11-00054

ERNEST JAMES JOHNSON

# ORDER

## I. Introduction

The defendant in this case was charged in a thirteen count indictment. Counts One through Four, Counts Six through Nine, Count Twelve and Count Thirteen charged the Defendant with distribution of crack cocaine in violation of 21 U.S.C. § 841. Count Five charged the defendant with aiding abetting in the distribution of crack cocaine in violation of 21 U.S.C. § 841. Count Eleven charged the defendant with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The defendant pleaded guilty to all of the above charges without the benefit of a plea agreement. Count Ten charged the defendant with carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A). The defendant pleaded not guilty to Count Ten and was convicted after a two day jury trial that concluded on September 14, 2011. Currently before the Court is the defendant's Motion for Judgment of Acquittal or, Alternatively, Motion for a New Trial (ECF No. 86). For the reasons set forth below, the defendant's motion is **DENIED**.

## II. Background

This case arises from an undercover operation conducted by the Bureau of Alcohol, Tobacco and Firearms ("ATF") in Huntington, West Virginia. The ATF opened a storefront in Huntington called "Smokin' Aces." Smokin' Aces was staffed by undercover ATF Agents posing as criminals. Among other things, the Agents at Smokin' Aces purchased guns and drugs from individuals who came into the store. The defendant is one of those individuals. The defendant readily admitted and pleaded guilty to selling crack cocaine to the Agents at Smokin' Aces on a number of occasions. During at least one visit, an Agent at Smokin' Aces asked the defendant about the potential sale of firearms. Subsequently, the Defendant returned to Smokin' Aces on June 29, 2010 with a loaded CZ .32 caliber pistol in addition to a quantity of crack cocaine. The defendant presented the gun to an Agent and represented that he could get more guns like it if the Agent was interested in purchasing them. During this discussion, the defendant handed the gun to the Agent for inspection. The Agent examined the gun and expressed interest in purchasing that gun and others from the defendant at a later date. At the end of this interaction, the Agent returned the gun to the Defendant and the two negotiated the sale of the defendant's crack cocaine.[1]

The defendant maintains that the evidence presented at trial was insufficient to sustain a conviction on Count Ten and that the Court should set aside the jury verdict and enter a judgment of acquittal on this Count. Alternatively, the defendant argues that the prosecution's impeachment inquiry into the details of Defendant's prior conviction, coupled with the prosecution's emphasis on the fact that the defendant was a "convicted crack dealer," create significant doubt as to whether he was convicted based on the improper inference that he had a propensity to commit the crime with

---

[1]The events of June 29, 2010 were captured on video and are not disputed.

which he was charged. The defendant argues that this error is such that the interests of justice require a new trial. The Court will address each argument in turn.

### III. Defendant's Motion for Judgment of Acquittal

In determining whether to grant a motion for judgment of acquittal, the Government is entitled to the benefit of all reasonable inferences, and credibility of the witnesses should not be considered. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (reasonable inferences); *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989) (witness credibility). If, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, then a motion for judgment of acquittal must be denied. *Tresvant*, 677 F.2d at 1021.

The defendant was charged in Count Ten with carrying a CZ .32 caliber pistol during and in relation to a drug trafficking crime. Mr. Johnson readily admits that he carried the .32 caliber CZ pistol during the drug transaction but denies that the firearm was carried "in relation to" the drug sale. Through his own testimony and through counsel, the defendant argued at trial that the gun was a sample for the Agent to inspect in hopes of negotiating a future gun deal. He argues that the insufficient to show that the gun was related to the crack cocaine sale.

The element "in relation to" requires "that the firearm . . .have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 228 (1993). In *United States v. Davis*, 343 Fed. Appx. 878, 2009 WL 2942966 (4th Cir.), the Fourth Circuit interpreted a slightly different section of the same statute as follows:

> To sustain a conviction for possessing a firearm in furtherance of a drug trafficking crime, the prosecution had to prove beyond a reasonable doubt that Davis used, carried, or possessed a firearm in furtherance of a drug trafficking

crime. *See* 18 U.S.C. § 924(c)(1)(A) (2006). The government must "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir.2002) (internal quotation marks omitted). Ways that a firearm can further or advance drug trafficking include "provid [ing] a defense against someone trying to steal drugs or drug profits, or ... lessen[ing] the chance that a robbery would even be attempted." *Id.* Factors that might lead a fact-finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity include the accessibility of the firearm, whether the gun is loaded, and the gun's proximity to drugs. *Id*.

*U.S. v. Davis*, 343 Fed. Appx. 878, 880, 2009 WL 2942966, *1 (4th Cir. 2009). While *Davis* ("in furtherance of") and *Smith* ("in relation to") involve different language in the same statute, the Court finds *Davis* instructive of how to view a challenge to the sufficiency of evidence of relation between the firearm and the drug transaction.

A non-exhaustive review of the evidence presented at trial reveals that it was more than sufficient for a rational fact finder to conclude that the defendant was carrying the gun in relation to the drug trafficking crime. Viewing the evidence in the light most favorable to the Government, the jury could have concluded that :

1. The gun was loaded when the defendant brought it into Smokin' Aces;

2. the defendant refused to sell the gun at issue and referred to it as his "baby";

3. in a statement to police, the defendant indicated that he carried the weapon for personal defense;

4. the defendant transported the gun in his waistband but indicated that the weapons available for purchase were still in their original packaging; and

5. the defendant carried the gun for protection during the admittedly short trip from his home to Smokin'Aces.

This non-exhaustive list of possible inferences shows without a doubt that the evidence was sufficient to support the conclusion that the gun had "some purpose or effect" with respect

to the drug transaction and that its presence was not "the result of accidence or coincidence." *Smith*, 508 U.S. at 228. Accordingly, the defendant's Motion for a Judgment of Acquittal is **DENIED**.

## IV. Defendant's Motion for a New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that, upon motion of the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Unlike a motion for judgment of acquittal, the Court need not weigh the evidence in a light most favorable to the Government. *See United States v. Arrington*, 757 F.2d 1484 (4th Cir. 1985). Rather, the Court's discretion is broad and the Court may evaluate the evidence, including the credibility of witnesses. *See Arrington*, 757 F.2d at 1485.

While the Court has broad discretion in determining whether a new trial is warranted, that discretion should be exercised sparingly. *See Arrington*, 757 F.2d at 1486. Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the Court grant a new trial. *See Arrington*, 757 F.2d at 1485 *citing Tibbs v. Florida*, 457 U.S. 31 (1982). In addition to a motion for new trial upon specific errors, a motion for new trial may be granted where a miscarriage of justice may have resulted.

The defendant argues that the interests of justice require a new trial because he was cross-examined about his 2007 conviction in a manner that exceeded the scope of the Court's pretrial order. The Court initially ordered that this inquiry be limited to the fact of conviction and not include details of the offense. However, once the Defendant testified on direct examination that he does not use guns, the prosecution argued and the Court agreed that the defendant had opened the door to the fact that possession of a firearm was an element of his

2007 conviction. When a witness testifies that he does not use guns, evidence that gun possession is an element of a prior conviction is directly probative of the credibility of the witness's prior statement.

Similarly, the prosecution's inquiry into the procedural history of the conviction became relevant only after the defendant testified that the conviction was reversed. To preclude cross-examination on this point would have misled the jury to falsely believe that the defendant was never convicted. While jurors might have found this testimony confusing, it was nonetheless appropriate to rebut the defendant's testimony that his conviction was reversed. This testimony was relatively brief and any confusion does not rise to the level of injustice justifying a new trial.

Last, the defendant objects to the prosecution's repeated reference to the defendant as a convicted "crack dealer." This objection is similarly unhelpful. The defendant's trial strategy, beginning with counsel's opening statement, was to admit that the defendant was a crack dealer but to deny any involvement with guns. That the government used this admission is not sufficient to justify setting aside the jury's verdict and granting a new trial. For these reasons, the defendant's Motion for a New Trial is **DENIED**.

## V. Conclusion

For the foregoing reasons, Defendant's Motion for a Judgment of Acquittal or, Alternatively, Motion for a New Trial (ECF No. 86) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 6, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE